UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAMON MARTINEZ, a/k/a "King Razor"<br><br>Defendant | Criminal No. 20-CR-10240-DJC |

**MEMORANDUM IN SUPPORT OF SENTENCING RECOMMENDATION**

The government submits the instant memorandum in support of its recommendation for 51 months of incarceration for the defendant, RAMON MARTINEZ. This recommendation reflects the seriousness of the offense and the defendant's criminal history, while also providing specific deterrence, an opportunity for rehabilitation and promoting respect for the law.

**THE ADVISORY SENTENCING GUIDELINES[1]**

The parties position in the plea agreement is in accordance with the calculation by Probation in the final Presentence Report. The defendant's base offense level of 24 (pursuant to USSG §2K2.1(a)(2)) is reduced by three levels due to his prompt acceptance of responsibility, for a total offense level of 21. See PSR ¶¶17, 24. With a criminal history score of III (PSR ¶¶42, 43), the guideline sentencing range is 46-57 months. See PSR ¶89.

**ARGUMENT**

The Defendant's possession of the firearm in this case comes after multiple prior drug convictions (PSR ¶¶36, 37, 38, 40), and while wanted for a robbery and carjacking that are pending in state Court. See PSR ¶46. While the Defendant has served prison time before, that sentence

---

[1] References to the presentence report are by paragraph (PSR ¶_).

1

obviously did not impress upon the defendant the necessity of conforming his conduct to the law. See PSR ¶37. A significant multiple-year prison term as recommended by the government properly reflects an increasing sanction for the Defendant's continuing criminal conduct and the circumstances of this case, which involve the defendant possessing a dangerous weapon.

In considering the length of the sentence, the Court should evaluate the defendant's record in its assessment of his likelihood of reoffending and the need to provide specific deterrence. The Defendant's prior New Hampshire prison sentence was a so-called "split-sentence," where he served 12 months initially and then an additional twelve months after violating probation. See PSR ¶37. In this context, specific deterrence would not be furthered by a sentence below the guidelines or that in some respect varies downward from the guidelines.[2]

The nature and circumstances of this defendant's firearm possession, especially in the days following a robbery, while wanted for that robbery, as well as his personal history and characteristics, justify a sentence of 51 months. A sentence of this length adequately reflects the seriousness of the offense and will specifically deter the defendant from future crimes. This sentence also serves the purposes of promoting respect for the law and providing just—but not excessive—punishment for the harm the defendant caused to the community through his possession of a dangerous weapon that he is prohibited from possessing. On consideration of all these factors, 51 months is a fair and just sentence.

---

[2] The government notes that the Defendant's immediate acceptance of responsibility and waiver of indictment are the basis for which it is not seeking a sentence at the high-end of the guidelines. A sentence at the high-end of the guidelines would be more than justified by the facts and circumstances, including the social-media postings by the defendant suggesting that he fired the firearm a few days before it was recovered, and ballistics match to the incident posted by the defendant. See PSR ¶¶27-34. While probation does not consider it relevant conduct, the social media postings and ballistics match are in fact probative of the Defendant's actual possession of the firearm.

## **CONCLUSION**

The Court should impose a sentence of 51 months of incarceration.

                                              Respectfully submitted,

                                              ANDREW E. LELLING
                                              United States Attorney

By:

                                              */s/ Philip A. Mallard*
                                              PHILIP A. MALLARD
                                              Assistant U.S. Attorney
                                              United States Attorney's Office
                                              1 Courthouse Way, Suite 9200
                                              Boston MA 02210
                                              617-748-3674

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                              */s/ Philip A. Mallard*
                                              Philip A. Mallard
Date:   April 20, 2021                      Assistant U.S. Attorney